IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,          *
                               *
     Petitioner,               *
                               *
vs.                            *  CIVIL ACTION NO. 26-00027-JB-B
                               *
THE STATE OF ALABAMA, *et al.*, *
                               *
     Respondents.              *

### REPORT AND RECOMMENDATION

This matter is before the Court on review.[1] Petitioner Draper Frank Woodyard, a Baldwin County Jail inmate proceeding without an attorney, filed a petition titled "Post Conviction Expungement (Mandamus)" (Doc. 1). Upon consideration, and for the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### I.    BACKGROUND

Woodyard's petition names as Respondents "The State of Alabama" and the "Baldwin County Jail Warden/Sheriff." (Doc. 1 at 1). Woodyard alleges that he "served 30 years on illegal

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

1

convictions from Baldwin County for 1st Degree Robbery (20 Yrs CC and CT) and Assault 1st Degree (20 Yrs CC and CT) in (CC95-326) 1995 case stemming from so-called incident that occurred in Foley, Alabama on December 14, 1994." (Id.). Woodyard states that he "also had another (20 Yr CC-CT) sentence for Assault 1st Degree (CC95-484) ran concurrent and coterminous with CC95-326 stemming from a jail fight that broke out on April 6, 1995 in Baldwin County Jail." (Id.). Woodyard notes that these "sentences have expired as to date." (Id.). However, he claims that these "20 year sentences from Baldwin County were illegal" for reasons he expounds on in his petition. (Id.).

Woodyard further claims that the above-referenced Baldwin County sentences "serve as the catalyst to another illegal sentence picked up while [Woodyard] was incarcerated in Alabama Department of Corrections (St. Clair County, Alabama) CC01-131," which "stemmed from a fight with a prison guard." (Id.). Woodyard's "position is that new charge picked up at St. Clair prison was fruit of a poisonous tree" from his "illegal 20 year sentences from Baldwin County CC95-326 and CC95-484." (Id. at 5). Woodyard states that he received a "23 year sentence from St. Clair County, Alabama," which "ran concurrent with illegal sentence from Baldwin

2

County CC95-326." (Id.). Woodyard notes that "this sentence (23 Yrs from St. Clair County) has expired as well." (Id.).

For relief, Woodyard asks the Court "to expunge convictions CC95-326, CC95-484 and CC01-131 from [his] arrest record." (Id. at 7).

II. **DISCUSSION**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

"There is no federal statute or regulation that gives district courts general authority to expunge state court convictions." Brown v. Holzapfel, 2024 U.S. Dist. LEXIS 113265, at *13, 2024 WL 3195846, at *4 (S.D.W. Va. June 5, 2024), report and recommendation adopted, 2024 U.S. Dist. LEXIS 112663, 2024 WL 3184145 (S.D.W. Va. June 26, 2024). Moreover, "Rule 81(b) of the Federal Rules of Civil Procedure abolished any independent federal action for writ of mandamus." Sharifi v. Broussard, 2023 U.S. Dist. LEXIS 152122,

3

at *2-3, 2023 WL 5599615, at *1 (S.D. Ala. Aug. 29, 2023).  The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  However, "[t]he statutory language of 28 U.S.C. § 1651, '"in aid of their respective jurisdictions," does not empower a district court to create jurisdiction where . . . none exists.'" Hughley v. Burdette, 2021 U.S. Dist. LEXIS 40004, at *5, 2021 WL 1234529, at *2 (M.D. Ala. Mar. 2, 2021) (quoting Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 211 (E.D.N.Y. 1998)), report and recommendation adopted, 2021 U.S. Dist. LEXIS 63559, 2021 WL 1234518 (M.D. Ala. Apr. 1, 2021).  Rather, "'a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction.'"  Id. (quoting Gehm, 992 F. Supp. at 211).

The federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  28 U.S.C. § 1361.  However, "federal district courts do not have jurisdiction to issue a writ of mandamus to order state officials or other state entities to perform their duties."  Sharifi, 2023 U.S. Dist. LEXIS 152122, at *3, 2023 WL 5599615, at *1.  "Where the only relief sought by a

4

plaintiff is to compel action by a state official through relief that is mandamus in nature, this Court lacks jurisdiction to grant the relief and should dismiss the petition." Hughley, 2021 U.S. Dist. LEXIS 40004, at *6, 2021 WL 1234529, at *2. Additionally, the writ of mandamus is a drastic remedy that is only available in extraordinary cases where there is no other adequate means to obtain relief and where the plaintiff's right to relief is indisputable. United States v. Fernandez-Toledo, 737 F.2d 912, 919 (11th Cir. 1984); United States v. Salmona, 810 F.3d 806, 811 (11th Cir. 2016).

In this action, Woodyard asks this Court to expunge his remote Baldwin and St. Clair County convictions from his arrest record. (Doc. 1 at 7). "Whether [Woodyard's] request for an order of expungement is treated as a petition for a writ of mandamus directed at state officials or simply a request for an order of expungement from this Court, he is not entitled to relief." Fetzer v. Poppell, 2020 U.S. Dist. LEXIS 16099, at *11, 2020 WL 496929, at *4 (N.D. Fla. Jan. 7, 2020), report and recommendation adopted, 2020 U.S. Dist. LEXIS 15297, 2020 WL 495560 (N.D. Fla. Jan. 30, 2020); accord Cokely v. Weathington, 2022 U.S. Dist. LEXIS 247696, at *10, 2022 WL 21837758, at *4 (N.D. Ala. July 12, 2022) ("Cokely asks the court to expunge his criminal record. Cokely is not

entitled to this relief whether the court treats this request as a petition for a writ of mandamus directed at state officials or a request for an order of expungement directly from this court."), report and recommendation adopted, 2022 U.S. Dist. LEXIS 247695, 2022 WL 21837749 (N.D. Ala. Aug. 11, 2022). Some federal district courts have construed requests for expungement of state criminal convictions as petitions for an impermissible writ of mandamus directed at state officials. Fetzer, 2020 U.S. Dist. LEXIS 16099, at *11, 2020 WL 496929, at *5; see, e.g., Pearson v. Super. Ct. of Douglas Cnty., 2016 U.S. Dist. LEXIS 139434, at *4, 2016 WL 5897786, at *2 (N.D. Ga. Sept. 7, 2016) ("[A]n order directing a state official to expunge one or more convictions from his state court criminal record — is in effect mandamus relief against a state official, which this Court lacks the power to grant."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 139435, 2016 WL 5871299 (N.D. Ga. Oct. 7, 2016). Thus, if Woodyard's request is construed as a petition for writ of mandamus directing state officials to expunge convictions from his state court criminal record, this Court lacks the power to grant it.

"The result is no different" if Woodyard's petition "is construed to seek 'merely an order requiring defendant to expunge the said convictions from all official records within his custody'

6

rather than mandamus relief directed at state officials." <u>Fetzer</u>, 2020 U.S. Dist. LEXIS 16099, at *12, 2020 WL 496929, at *5 (quoting <u>Carter v. Hardy</u>, 526 F.2d 314, 315 (5th Cir. 1976) (per curiam))[2]; <u>see, e.g.</u>, <u>Sheppard v. Myrtle Beach Police Jail</u>, 2013 WL 3148429, at *4 (D.S.C. June 19, 2013) ("[T]his court does not have jurisdiction to order the State of South Carolina or any of its sub-entities like the various county courts to do anything, including . . . expunging a criminal conviction from someone's record."); <u>Tilghman v. Princess Anne Police Dep't</u>, 2024 U.S. Dist. LEXIS 71543, at *4, 2024 WL 1703940, at *2 (D. Md. Apr. 19, 2024) ("Here, Plaintiff requests that the Court order a local police department in Maryland to expunge a criminal record and vacate his conviction. However, this Court cannot grant the relief requested."). Woodyard has failed to allege any underlying jurisdictional basis for his request for this federal district court to order the State of Alabama or state agencies or officials to expunge his state court convictions. If Woodyard wishes to have his convictions expunged, he must utilize the procedures for

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

expungement provided by the State of Alabama rather than seeking mandamus relief in this Court.

Arguably, Woodyard's mandamus petition seeking "expungement" of his remote convictions is little more than a disguised habeas action challenging the legality of the convictions and seeking to vacate or set them aside. See United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004) (explaining that "expungement, without more, 'does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime'") (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 115 (1983)).  However, habeas corpus is not a practical alternative to Woodyard under the circumstances of this case because he is not in custody under the convictions and sentences under attack.  See, e.g., Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (stating that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed"); Thomas v. Cape, 2014 U.S. Dist. LEXIS 162283, at *2, 2014 WL 6606051, at *1 (M.D. Ga. Nov. 20, 2014) ("[T]he Court lacks jurisdiction over the Petitioner's application for habeas relief because the Petitioner is no longer in custody pursuant to the

8

state conviction that is the target of his attack.").[3]  Further, it appears that Woodyard already has pending before this Court a habeas petition in which he specifically requests the "immediate expungement" of the remote Baldwin and St. Clair County convictions from his "rap sheet" so that "they form no future bases for enhancements of sentence."  See Woodyard v. Lowery, Case No. 1:25-cv-00252-TFM-N (S.D. Ala.), ECF No. 1.  Therefore, the undersigned submits that Woodyard's instant pleading should not be construed as a petition for a writ of habeas corpus, since it appears such a petition would be at least partially duplicative of Woodyard's existing habeas petition, and in any event, the Court would lack jurisdiction to entertain a habeas petition based on the fact that Woodyard is no longer in custody under the expired convictions he is attacking.

Defective allegations of jurisdiction generally "may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  However, a court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where

---

[3] According to Woodyard: "These convictions serve as the basis for any future convictions," and "in any future proceeding Habitual Offender guidelines will be enacted/activated as if Petitioner is a career criminal."  (Doc. 1 at 7).  However, the possibility that an expired conviction could enhance a future sentence does not meet the jurisdictional "in custody" requirement of the federal habeas statute.  Maleng, 490 U.S. at 492.

the amendment would be futile. <u>Crooked Creek Props., Inc. v. Ensley</u>, 660 F. App'x 719, 721 (11th Cir. 2016) (per curiam) (noting that although defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.). Here, given the nature of the relief requested by Woodyard, any attempt to bolster his petition's jurisdictional allegations would be futile. Therefore, the undersigned submits that Woodyard should not be given an opportunity to amend his petition to cure his defective jurisdictional allegations.[4]

---

[4] The Court recognizes that Woodyard qualifies as a "three-striker" who must pay the full filing fee at the time he initiates a "civil action." <u>See</u> 28 U.S.C. § 1915(g); <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). Woodyard did not pay the filing fee when he initiated this case, nor did he file a proper motion to proceed without prepayment of fees. Instead, his petition contains an embedded request that the Court "waive" the filing fee and allow him to proceed *in forma pauperis*. (Doc. 1 at 7; Doc. 2). The Eleventh Circuit does not appear to have addressed "whether or in what circumstances mandamus petitions are 'civil actions' subject to § 1915(g)." <u>Littlejohn v. Dir., Fed. Bureau of Investigation</u>, 2023 U.S. App. LEXIS 4983, at *4, 2023 WL 2300945, at *2 (11th Cir. Mar. 1, 2023) (per curiam). Given this uncertainty, and the fact that Woodyard's petition is due to be dismissed on other grounds, the undersigned submits that the Court need not address whether Woodyard was entitled to proceed without full payment of the filing fee at the time this case was initiated.

10

### III. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and without leave to amend.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

11

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **February, 2026.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

12